UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEVEN EUGENE HENDERSON**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**No. 19-13072**

**ATMOS ENERGY, ET AL.**　　　　　　　　　　　　**SECTION I**

### ORDER AND REASONS

Before the Court is the motion[1] of plaintiff, Steven Eugene Henderson ("Henderson"), for leave to amend his complaint to assert claims against non-party Miller Pipeline, LLC ("Miller"). Defendant, Atmos Energy Corporation, ("Atmos"), opposes[2] the motion. For the following reasons, plaintiff's motion is **DENIED**.

### I.   BACKGROUND AND FACTS

This case arises from injuries allegedly suffered by Henderson on October 21, 2018.[3] Henderson originally filed this lawsuit against Atmos in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana in August 2019.[4] Atmos removed this lawsuit to federal court more than a year ago, on October 9, 2019.[5]

The amendment deadline set by the scheduling order was December 20, 2019;[6] that deadline was not modified by any subsequent continuance.[7] However, on January 2, 2020, the Court granted Atmos's motions to amend its answer and to file

---

[1] R. Doc. No. 56.
[2] R. Doc. No. 60.
[3] R. Doc. No. 1-3.
[4] *Id.*
[5] R. Doc. No. 1.
[6] R. Doc. No. 12, at 2.
[7] *See* R. Doc. No. 43; R. Doc. No. 45; R. Doc. No. 54.

a third-party complaint against Miller.[8]  Atmos did so,[9] but on March 6, 2020, the third-party complaint was dismissed without prejudice on Atmos's motion.[10]

This case was originally set for trial June 1, 2020,[11] but it has twice been continued due to the ongoing pandemic.[12] A jury trial is currently set for January 11, 2021.[13]

### *Henderson's Motion to Amend*

On October 5, 2020, Henderson filed the instant motion for leave to file an amended complaint, seeking to assert claims against Miller.[14] He acknowledges that Miller was previously a party to this case, but notes that this was the case for little more than two months.[15] "During [that] relatively short period of time," Henderson argues, "discovery did not reveal the magnitude of [Miller's] implication with" the case.[16]  He explains that "upon new knowledge, information and belief, communications with opposing counsel have revealed that [Miller] is jointly and severally liable with [Atmos] for" his injuries.[17]

---

[8] R. Doc. No. 20; R. Doc. No. 22.
[9] R. Doc. No. 23 (third-party complaint).  Atmos filed an amended version of the third-party complaint on January 29, 2020; the amendment added a sentence clarifying Atmos's allegation that Miller had performed the relevant work pursuant to the contract.  *See* R. Doc. No. 32.
[10] R. Doc. No. 37.
[11] R. Doc. No. 12.
[12] R Doc. No. 43; R. Doc. No. 54.
[13] R. Doc. No. 54.
[14] R. Doc. No. 56.
[15] R. Doc. No. 56-3, at 1.
[16] *Id.*
[17] *Id.*

Henderson argues that, under Federal Rule of Civil Procedure 15, leave to amend should be granted because (1) "relief is asserted jointly against [Atmos] and [Miller]" and (2) "there are common questions of facts[.]"[18] He notes that leave under the rule is "freely given."[19]

In support of his argument that "relief is asserted jointly[,]" Henderson claims that "from the commencement of this suit in state court," he has "maintained that an entity existed to 'insure and indemnify defendant [Atmos.]"[20] Assuming Henderson is citing his state court petition, the claim is misleading. In his state court petition, Henderson claimed that "there was in full force and effect a policy of insurance issued by Defendant, ABC INSURANCE COMPANY, under the terms and conditions of which it agreed to insure and indemnify . . . [Atmos.]"[21] Henderson seems to imply that this is tantamount to his having named Miller at the outset.

Citing Atmos's third-party complaint against Miller, Henderson also argues that a contract was in place between Miller and Atmos and that, under the contract, Miller agreed to defend and indemnify Atmos.[22] Henderson claims that joinder is appropriate because his "right to relief against [Atmos and Miller] arises out of the

---

[18] *Id.* at 2–5.
[19] *Id.* at 2.
[20] *Id.* at 3. Henderson cites "Notice of Removal at 5" for this proposition and does not provide a reference to a particular docket item. The fifth page of the Notice of Removal, R. Doc. No. 1, is a certificate of service filed by then-counsel for Atmos, which provides no obvious support. R. Doc. No. 1-5 is a copy of the civil cover sheet for the case, which provides no obvious support. R. Doc. No. 1-3 is a copy of the state court petition. Page 5 of *that document* appears to be relevant.
[21] R. Doc. No. 1-3, at 5.
[22] R. Doc. No. 56-3, at 3.

3

same transaction[,]" his alleged accident, and that judicial economy would be best served by a single trial.[23] Henderson argues that "the evidence and testimony between [Miller and Atmos] would be interrelated and nearly identical" and that having both parties present would facilitate "determining liability amongst" Miller and Atmos.[24] Henderson adds that, absent Miller's participation, "complete relief is impossible to obtain[,]"[25] as Miller is "paramount to the determination of liability[.]"[26] Finally, while Henderson makes reference to "new knowledge, information and belief" and claims that "communications with opposing counsel have revealed" the extent of Miller's involvement,[27] he does not identify any information that was earlier unavailable.

In its opposition, Atmos notes that Henderson "has been aware of the possible involvement of [Miller] since" Atmos filed the third-party complaint in January 2020.[28] Atmos argues that Miller is not its insurer, but a "separate entity who will require separate counsel[.]"[29] Atmos also argues that Miller's addition would "require a continuance of the [t]rial and the establishment of new scheduling deadlines[.]"[30]

---

[23] *Id.* at 3, 5; *see id.* at 1 (arguing that Atmos and Miller are jointly and severally liable).
[24] *Id.* at 4–5.
[25] *Id.* at 4.
[26] *Id.* at 6.
[27] *Id.* at 1.
[28] R. Doc. No. 60, at 2.
[29] *Id.* at 1.
[30] *Id.* at 2.

4

Atmos concludes that "no good reason has been given to the Court to allow [] amendment at this late date."[31]

## II. LAW AND ANALYSIS

Henderson is correct that Rule 15 addresses the amendment of pleadings. Fed. R. Civ. P. 15. However, the Fifth Circuit has repeatedly stated that when, as here, "a scheduling order has been issued, Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order deadline has passed." *Plains Cotton Coop. Assoc. v. Gray*, 672 F. App'x 372, 376 (5th Cir. 2016) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). "While Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be 'freely' given, Rule 16(b)(4) limits modifications to a scheduling order to situations where good cause is shown." *Id.* at 376–77 (quoting *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Davis v. Karl*, No. 10-875, 2011 WL 13203134, at *1 (E.D. La. Feb. 2, 2011) (Africk, J.) (quoting *S&W Enters.*, 315 F.3d at 536).

"Courts in the Fifth Circuit 'consider four factors in assessing good cause: (1) the explanation for the failure to comply with the scheduling order, (2) the importance of the modification, (3) potential prejudice in allowing the modification, and (4) the availability of a continuance to cure such prejudice.'" *Holmes v. Reddoch*, No. 19-

---

[31] *Id.*

12749, 2020 U.S. Dist. LEXIS 152933, at *1–2 (E.D. La. Aug. 24, 2020) (Africk, J.) (quoting *Loza v. Select Portfolio Servicing, Inc.*, No. 19-40687, 2020 U.S. App. LEXIS 20086, at *4 (5th Cir. June 26, 2020)).

Henderson's explanation for his failure to comply with the scheduling order boils down to the facts that (1) during the relatively short period of time Miller was in the case, discovery did not reveal the magnitude of its involvement with the incident, and (2) recent communications with counsel for Atmos have shed light on the extent of Miller's involvement.[32] However, the facts regarding Miller's alleged involvement that Henderson relies on appear to have been drawn almost exclusively from Atmos's third-party complaint—the very document that initially brought Miller into the case.[33] Even assuming that the very fact Atmos brought Miller into the case was inadequate to alert Henderson's counsel to the extent of its potential involvement, the facts upon which he now relies are not 'new.' They are drawn from a document that was in the record for more than *nine months* before the instant motion was filed.[34] Henderson does not allege that he was precluded from engaging in discovery which would have disclosed facts relating to Miller's alleged involvement in the incident. Nor does he identify any fact recently disclosed that prompted this motion. Consequently, the first factor weighs against allowing amendment.

---

[32] R. Doc. No. 56-3, at 1.
[33] *See, e.g., id.* at 3 ("*Per the third-party demand*, [Atmos] states that [an agreement] was in effect . . . for purposes of construction, maintenance, and repair services . . . . Additionally, [Miller] was designated by [Atmos] to 'defend, protect, indemnify and hold harmless [Atmos] from and against any and all claims[,]" related to such services. (citing Atmos's third-party complaint) (emphasis added)).
[34] *See* R. Doc. No. 23 (third-party complaint).

Henderson argues that, absent Miller's involvement in the case, he will be unable to obtain complete relief.[35] Assuming this is true, the Court finds it unpersuasive. Henderson has not argued that his potential claims against Miller are prescribed by state law or otherwise barred; rather, he is arguing that, absent Miller's involvement, he will be unable to obtain complete relief *in this suit*. Moreover, Henderson's argument that "[w]ithout [Miller] as a defendant . . . the trial would be a waste of judicial resources" seems to be premised on the very notion that, if the Court denies this motion, Henderson will simply file another lawsuit against Miller.[36]

As to Henderson's argument about judicial economy, the Court declines to engage in speculation as to the resources that would be 'wasted' by a second lawsuit. The Court is faced with the immediate waste of resources that would be imposed by adding Miller to this case a year after removal and less than two months before the pre-trial conference. Bringing Miller back into the case would require a third continuance, a significant delay, especially in light of the previous, Covid-related continuances, and the resetting of deadlines related to discovery and dispositive motions. The Court does not find that the second factor weighs in favor of allowing an amendment.

---

[35] R. Doc. No. 56-3, at 4.
[36] *See id.*

7

Delaying trial at this late date would also likely prejudice Atmos by forcing it to prepare for trial once more–and such prejudice could not be cured by a continuance. Thus, the third and fourth factors weigh against allowing an amendment.

None of the factors weigh in favor of allowing Henderson to amend his complaint. Therefore, on balance, the Court concludes that his motion is unsupported by good cause. Absent good cause, the Court will not consent to a modification of the scheduling order.

## III.

Henderson has not demonstrated the good cause required by Rule 16. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, October 16, 2020.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE
