## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STEVEN EUGENE HENDERSON**     \*     **CIVIL ACTION**

                                    \*

**VERSUS**     \*     **NO. 2:19-cv-13072-LMA-DMD**

     \*

**ATMOS ENERGY, ET AL**     \*     **SECTION "I"**

     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*     **JURY TRIAL REQUESTED**

## OPPOSITION TO MOTION IN LIMINE

    **NOW INTO COURT**, comes Plaintiff, STEVEN EUGENE HENDERSON, who respectfully requests this Honorable Court to deny Defendant's Motion in Limine. Plaintiff complied with both the scheduling order, Federal Rules of Civil Procedure and prior precedent in this circuit. Plaintiff's disclosures fall under 26(a)(2)(D)(ii) which provides that rebuttal experts can be disclosed 30 days from the other party's disclosure. Thus, the report was provided within 30 days of disclosure from Atmos Energy Corporation's report and is timely.

                              Respectfully Submitted,
                              /s/Connie Trieu
                              CONNIE TRIEU (30312)
                              TRIEU LAW, LLC
                              1800 Carol Sue Avenue, Suite 7
                              Gretna, LA 70056
                              Telephone: (504) 301-4525
                              *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of December 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/Connie Trieu
CONNIE TRIEU (30312)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| STEVEN EUGENE HENDERSON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 2:19-cv-13072-LMA-DMD |
| | * | |
| ATMOS ENERGY, ET AL | * | SECTION "I" |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | JURY TRIAL REQUESTED |

## <u>MEMORANDUM IN OPPOSITION</u>

**MAY IT PLEASE THE COURT:**

Plaintiff has disclosed expert testimony of Eric Parnell as a rebuttal expert to Atmos Energy Corporation's previously filed expert report of Marlin Gonzales. In accordance with Federal Rule 26(a)(2)(D)(ii), Plaintiff disclosed Eric Parnell and his testimony as a rebuttal expert within thirty (30) days of disclosure of Atmos Energy Corporation's report from Marlin Gonzales. As the report is timely filed, the motion to strike should be dismissed. If this Honorable Court determines that the disclosure was late, then Plaintiff demonstrates that the disclosure of Eric Parnell's rebuttal testimony is substantially justified and harmless.

1. **PLAINTIFF COMPLIED WITH THE FEDERAL RULES FOR DISCLOSING REBUTTAL EXPERTS.**

First, the scheduling order is silent as to the disclosure of rebuttal experts. The scheduling order furnished by this Court provides that, "written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs… shall be obtained and

delivered to counsel for Defendants as soon as possible, but in no event later than Thursday, August

6, 2020." *Scheduling Order.* "The same deadline applies for any expert disclosures pursuant to

Federal Rules of Civil Procedure 26(a)(2)(C)." *Id.* Both statutes referenced are for expert witness

disclosures of experts who will either provide a written report or not. Neither of these statutes

apply to Plaintiff's expert witnesses, Eric Parnell.

The applicable law for rebuttal experts comes from Federal Rule of Civil Procedure

26(a)(2)(D)(ii) which states:

> A party must make these disclosures at the times and in the sequence that the court
> orders. Absent a stipulation or a court order, the disclosures must be made… ii.) if
> the evidence is intended solely to contradict or rebut evidence on the same subject
> matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days
> after the other party's disclosure. *Fed. R. Civ. Pro* 26(a)(2)(D)(ii).

Without any Court Order or stipulation contrary to Rule 26(a)(2)(D)(ii), the deadline for disclosing

rebuttal experts is thirty (30) days after the other party's disclosure. *Hosteler v. Dillard*, 2014 WL

11514964, at *1 (S.D. Miss. Aug. 29, 2014). Furthermore, even after the close of discovery,

disclosure of rebuttal experts is allowed thirty (30) days after the other party's disclosure. *See*

*Delaney v. Union Pac. R.R. Co.*, CV 10-1, 2011 WL 13377477, at *3 (E.D. La. Mar. 9, 2011).

Here, Plaintiff's disclosure is a rebuttal expert. Plaintiff's expert used the same documents

relied on by Marlin Gonzales and specifically rebuts the conclusions made in Defendant's report.

As such, this rebuttal expert is a disclosure pursuant to 26(a)(2)(D)(ii). Thus, Atmos Energy

Corporation is the other party who disclosed their expert report of Marlin Gonzales on October 21,

2020. That disclosure provided Plaintiff with thirty (30) days to disclose his own rebuttal expert.

Thus, when the report was provided on November 20, 2020, the report was timely disclosed.

Plaintiff complied with the Federal Rules of Civil Procedure and the scheduling order rendered by this Honorable Court. There was no provision in the scheduling order which changed or mandated a specific deadline for the disclosure of rebuttal experts. Thus, within the scope of Rule 26(a)(2)(D)(ii), Plaintiff provided his rebuttal experts as required. In addition, Rule 26(a)(2)(D)(ii) would provide Defendant with thirty (30) days to submit a rebuttal report from Plaintiff's disclosure and eliminates any prejudice Defendant faces since there is still time remaining to file a rebuttal expert.

## 2.   PLAINTIFF'S DISCLOSURE IS SUBSTANTIALLY JUSTIFIED.

Defendant asserts that the four-factor test needs to be met in order for a late disclosure to be admissible. As previously analyzed, the disclosure was timely under Federal Rule 26(a)(2)(D)(ii), and prior precedent has interpreted the statute the same as Plaintiff. Thus, the disclosure of the rebuttal expert was timely made, and the four-factor test for whether a disclosure violation is substantially justified or harmless is inapplicable. However, if this Honorable Court deems the disclosure a violation, then the disclosure is substantially justified.

"To determine if a late disclosure of evidence is harmless, Defendants argue that this Court should consider 'four factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness.'" *Matter of M&M Wireline & Offshore Servs., LLC*, CV 15-4999, 2016 WL 4679937, at *3 (E.D. La. Sept. 7, 2016).

Plaintiff's read the scheduling order and believed that the scheduling order did not modify the disclosure date of rebuttal experts. Nowhere in the scheduling order does rebuttal disclosures make an appearance nor is the language broad enough to encapsulate the disclosure of rebuttal experts and their reports. Second, prejudice to Atmos would be minimal since Atmos already has an expert retained and its report was disclosed. Furthermore, the report rendered by Plaintiff is a rebuttal report which does not raise any new issues or facts, rather it is self-contained to Defendants already supplied report. Thus, any resulting prejudice in allowing Plaintiff's expert to testify is minimal as Plaintiff's rebuttal expert does not raise issues outside of Defendant's already presented and analyzed issues in its own expert report. Both experts already contradict each other. Thus, Atmos cannot be prejudiced when it is already in possession of rebuttal testimony by the mere fact that Plaintiff's rebuttal expert solely rebuts each opinion raised by Defendant's previously produced expert. Third, a continuance is available. However, the need for a continuance would be unnecessary. Plaintiff's rebuttal report is self-contained to the issues raised in Atmos' previously filed expert report. Plaintiff's report stands directly in contrast to each contention made by Defendant's own expert. A continuance for Defendant to draft a rebuttal report to our rebuttal report would be redundant as Atmos' rebuttal would merely reiterate their previously filed expert report. A continuance is available but is unnecessary given the posture of the contrasting reports. Lastly, the evidence is of paramount importance. This report contradicts the claims made by Defendant's expert and provides the requisite evidence to meet Plaintiff's burden of proof at trial. Without the ability to rebut Defendant's expert testimony, Plaintiff would largely be unable to meet his burden of proof in assessing liability to Atmos Energy Corporation. An expert's ability

to expound upon facts and analyze relevant issues is unmatched, and to only be allowed a rebuttal based on purely factual evidence would not be sufficient. Plaintiff's expert provides important contrast to Defendant's Expert and is necessary to prove Plaintiff's case-in-chief. Thus, the disclosed expert testimony is the most important evidence in Plaintiff's possession.

## 3.   CONCLUSION

In the scheduling orders and subsequent orders rendered, there were no mentions of the deadline to disclose rebuttal experts. Thus, Plaintiff relied on Rule 26(a)(2)(D)(ii) when disclosing Eric Parnell as a rebuttal expert which is evidenced by disclosing Plaintiff's expert within 30 days of Atmos' disclosure of Marlin Gonzales' expert testimony. As such, Plaintiff complied with the plain reading and interpretation of Rule 26(a)(2)(D)(ii) when there is no court order or stipulation changing the deadlines presented in Rule 26. In the alternative, if it is determined that the deadline has passed, the disclosure is substantially justified and harmless since both reports contradict each other rendering a subsequent rebuttal by Defendant moot.

Respectfully Submitted,

/s/Connie Trieu
CONNIE TRIEU (30312)
TRIEU LAW, LLC
1800 Carol Sue Avenue, Suite 7
Gretna, LA 70056
Telephone: (504) 301-4525
*Attorney for Plaintiff*